# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Lennie Vantravis Williams, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>K. Eagerton, Investigator; Stuart Johnson, )<br>Investigator; Otis Jackson, Investigator; )<br>Zeigler, Investigator; Lt. Powell; Amber )<br>Way; Jason Fox; Aiken County Sheriff's )<br>Office, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 1:12-cv-01126-JMC<br><br>**ORDER AND OPINION** |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 9), filed July 12, 2012, recommending that the court summarily dismiss *pro se* Plaintiff Lennie Vantravis Williams's ("Plaintiff") Complaint (ECF No. 1). Plaintiff's complaint was filed pursuant to 42 U.S.C. § 1983, and it alleges that the Aiken County Sheriff's Office and its employees charged him without merit, conducted an illegal search and seizure, and violated due process. (ECF No. 1 at 3-4). Plaintiff has filed his complaint pursuant to the *in forma pauperis* statute 28 U.S.C. § 1915. (ECF No. 8). For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report and **DISMISSES** Plaintiff's Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

At the time of his initial filings in the instant case, Plaintiff was detained in the Aiken County Detention Center. (ECF No. 1 at 2). Plaintiff filed this action on April 26, 2012, claiming that Defendants K. Eagerton, Stuart Johnson, Otis Jackson, Zeigler, Lt. Powell, Amber Way, Jason Fox, and the Aiken County Sheriff's Office ("Defendants") charged him without merit (presumably for the purchase of a controlled substance), illegally searched his residence, and violated his due process rights by detaining him for four years without properly indicting him. *Id.* at 3.

The magistrate judge issued the Report on July 12, 2012, recommending that the court summarily dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 9 at 1). The magistrate judge reasoned that federal courts should abstain from involvement with ongoing state criminal proceedings except in extraordinary circumstances. *Id.* at 3. (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996)). The magistrate judge further explained that all of the elements supporting abstention are present in this case, namely: (1) ongoing state judicial proceedings; (2) proceedings that implicate important state interests; and (3) an adequate opportunity to assert federal claims in the state proceedings. (ECF No. 9 at 4) (citing *Younger,* 401 U.S. 37; *Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)). The Report concluded that Plaintiff's complaint did not raise factual allegations sufficient to warrant federal court intervention and for that reason, the magistrate judge recommended dismissal. (ECF No. 9 at 4-5).

On August 16, 2012, Plaintiff filed Objections to the Report ("Objections") (ECF No. 14). In his Objections, Plaintiff does not specifically object to any of the central findings of the Report. *See id*. Instead, Plaintiff appears to allege additional claims of defamation and mental anguish. *Id.* at 1. Plaintiff details alleged losses from Defendants' purported violations totaling

$24,874. *Id.* at 1-2. However, Plaintiff states that rather than monetary damages he is seeking the return of his laptop computer and cell phone as well as the replacement of his digital camera. *Id.* at 2. Plaintiff also updates the court that he is currently incarcerated at the Tyger River Prison, a facility managed by the South Carolina Department of Corrections. *Id.*

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

3

Given the absence of a specific objection to the magistrate judge's findings, the court adopts the conclusions of the Report.  To the extent Plaintiff alleges a defamation claim, the court notes that such a claim is not cognizable under § 1983.  *See Paul v. Davis*, 424 U.S. 693 (1976) (holding that the reputation interest asserted in a defamation claim where the plaintiff was wrongly featured on a flyer distributed by police chiefs entitled "Active Shoplifters" did not deprive the plaintiff of any constitutional guarantee); *Sofer v. State of N.C. Herford Police Dept.*, 935 F.2d 1287, at *3 (4th Cir. 1991) (construing *Paul v. Davis* to hold that "defamatory statements are not cognizable under § 1983").  Moreover, any claim of emotional distress must be premised upon a constitutional violation.  *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001) ("[A] § 1983 plaintiff alleging emotional distress must demonstrate that the emotional duress resulted from the constitutional violation itself.").  No such violation exists for Plaintiff's claims.

Therefore, the court finds Plaintiff's Objections lack merit.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 9).  This action is therefore **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 10, 2014
Greenville, South Carolina

4